### COLE v FULTON

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 7, 1936

Marion W. Bacome, Toledo, for appellant.
Lehr Fess, Toledo, for appellees.

## OPINION

By CARPENTER, J.

In 1923, plaintiff, William E. Cole, and his wife, owners of a business property in Toledo, leased it for ninety-nine years renewable forever with a purchase option to a company which soon assigned the lease to The Ohio Savings Bank & Trust Company. The lease required the lessee and its assignee to pay taxes, maintain the improvements and pay rent each month. The bank used the property for one of its branches in the south part of Toledo and sublet the part it did not need for its use. Subsequently plaintiff's wife died and he inherited all of her interest in the real estate.

August 17, 1931, The Ohio Savings Bank & Trust Company, hereinafter called the bank, was taken over for liquidation by the Superintendent of Banks of Ohio, who will be called herein the superintendent. It was a large institution, and the liquidation process was a long and complicated one, and is still going on.

Up to the time the superintendent took over the bank, the terms of the lease had been fully complied with and the rent was paid to August 31, 1931. The superintendent continued to use the property in the preliminary work of liquidation. November 27, 1931, the superintendent determined that the lease was a liability, not an asset, and notified the plaintiff he "cancelled and abrogated" it and told him to file any claim he might have against the bank by reason thereof, by December 2, 1931. However, the superintendent continued to occupy and use the premises until January 31, 1932, when he abandoned them. The rent was paid to that date. No notice of actual abandonment of the premises was given plaintiff until March 4, 1932 when he demanded payment of rent for February and March, and thereupon some of the keys to the abandoned premises were turned over to plaintiff, and about April 4, 1932, the last keys were surrendered to him. In March he took possession of the property, and collected the rents from the sub-tenants from February 1, 1932, with some exceptions.

On August 16, 1933, plaintiff, without having presented a claim therefor to the superintendent, filed this action against both the superintendent and the bank for accrued rent from February 1, 1931, and for reimbursement for taxes and expenses of repairs and other items incident to the care of the property. He also prayed for counsel fees and management commission for the property, but these items were not pressed in the evidence.

Three defenses were made by the defendants:

1. That plaintiff could not maintain the action against either defendant;

2. That no claim was filed with the superintendent before commencing the action; and

3. Admits the execution and assignment of the lease, and then denies generally the allegations of the petition and amendments.

Trial by jury was waived and the cause was submitted to the court. Judgment for the plaintiff was entered for rent, taxes and expenses of repairs for the months of February, March and April, 1932, in accordance with the terms of the lease in the amount of $1660.78, which was adjudged a preferred claim against the assets of the bank, and the superintendent was ordered to pay the same as such, without deductions. From this judgment plaintiff appealed on questions of law, claiming he was entitled to the rent accruing to the filing of his supplement to his petition. Defendants filed a cross-appeal on questions of law and fact, claiming plaintiff should have no recovery.

August 17, 1931, the bank as such ceased to be, and the mission of the superintendent from then on was simply to liquidate the assets of the bank for the benefit of its creditors. He could not operate it as a bank. At that time, the plaintiff had no claim either against the bank or the superintendent. The latter paid the rent to January 31, 1932, and no claim is asserted against either defendant for anything prior to that time.

The superintendent having found the contract of lease to be burdensome and a liability to the estate of the  bank, had the right to cancel and abrogate that contract. Andrews v Beigel, 6 Oh Ap 427; 34 Ohio Jurisprudence 1021.

It is claimed by the plaintiff that having performed the conditions of the lease from August 17, 1931, to February, 1932, the superintendent thereby elected to assume it and was from then on estopped from abandoning it. November 27, 1931, by letter, plaintiff was informed the superintendent had decided to abandon it. This we think was within a reasonable time, especially having regard for the size of the bank and the many and varied duties incident to beginning the liquidation process. That he should make this determination within three months and ten days is not unreasonable. After such notice, the fact he continued to use the property two months longer and paid rent for all the time, does not change the effect of the election made November 27, 1931. 24 Ohio Jurisprudence 1049; 43 A.L.R. 734.

There is evidence in the record that the superintendent's possession of the property was not completely surrendered until some time in April, 1932. The finding and judgment of the court for the amount it awarded plaintiff was the very limit it could give him.

The defendants in their answers and cross-appeals assert that plaintiff's claim must first be presented to the superintendent and disallowed, before he can sue upon it. They also urge that, granting the right of the plaintiff to recover for the time the superintendent occupied the premises, the amount of such recovery should be the reasonable value of the use of the premises, not the terms of the lease. No evidence was offered as to reasonable value, hence it is urged the plaintiff can recover nothing.

On both of these claims the conduct of the parties is decisive. The superintendent paid monthly for five months on the basis of the lease, without written claim being presented to him. Whatever possession he had during the months of February, March and April, 1932, was a continuation of the same status that existed for the five months preceding, and the trial court did not err in finding as it did that formal presentation of claim was not necessary and that the lease basis is the correct one in determining the amount of plaintiff's recovery.

That judgment is affirmed.

Judgment affirmed.

TAYLOR and LLOYD, JJ, concur.